RECEIVED
APR 12 2006
CLERK, U.S. DISTRICT COURT
ANCHORAGE, ALASKA

FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT



ROBERT HALE; JOSHUA HALE; NAVA S. SUNSTAR; BUTTERFLY SUNSTAR,
*Plaintiffs-Appellants,*

v.

GALE NORTON, Secretary of the Interior; GARY CANDELARIA, Superintendent, Wrangell-St. Elias National Park and Preserve; HUNTER SHARP, Chief Ranger, Wrangell-St. Elias National Park and Preserve; DEPARTMENT OF THE INTERIOR; NATIONAL PARK SERVICE; FRAN MAINELLA, Director of the National Park Service; MARCIA BLASZAK, Acting Regional Director of the National Park Service; all in their official capacities,
*Defendants-Appellees,*

NATIONAL PARKS CONSERVATION ASSOCIATION; THE WILDERNESS SOCIETY; ALASKA CENTER FOR THE ENVIRONMENT,
*Defendants-Intervenors-Appellees.*

No. 03-36032

D.C. No. CV-03-00257-A-RRB

OPINION

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted
July 12, 2005—Anchorage, Alaska

1549

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2006 Thomson/West.

Filed February 9, 2006

Before: Alfred T. Goodwin, Melvin Brunetti, and William A. Fletcher, Circuit Judges.

Opinion by Judge William A. Fletcher

## SUMMARY

**Environmental Law/Governmental Regulation**

The court of appeals affirmed a judgment of the district court. The court held that inholders' ability to use a road within a national park to access their land was subject to reasonable regulation.

During the course of rebuilding a house on their property surrounded by a national park in Alaska, appellants including Robert and Joshua Hale used a bulldozer to bring in supplies over a park road without first seeking authorization from appellee the National Park Service (NPS). The NPS informed the Hales that an environmental assessment (EA) would be required before the agency could grant a permit for bulldozer use, and offered to waive the expense of conducting the EA. The Hales filed suit in district court, seeking an injunction requiring the NPS to provide adequate and feasible access to their property, and a declaratory judgment that the NPS was violating their right-of-way over the road by requiring a permit. The district court dismissed the case, ruling that it lacked jurisdiction under the Administrative Procedure Act (APA) because there was no final agency action to review.

The Hales appealed.

[1] The Hales' ability to use the road within the park was subject to reasonable regulation. The Ninth Circuit has deci-

sively rejected the argument that the NPS lacks the power to regulate travel to an inholding across federally protected land, holding that the government could regulate an inholder's use of a trail. The Secretary's power to regulate within a national park to conserve the scenery and the nature and historic objects and wildlife therein applies with equal force to regulating an established right of way within the park.

[2] Under the Alaska National Interest Lands Conservation Act, inholders are entitled to such rights as may be necessary to assure adequate and feasible access to their land, but these rights are subject to reasonable regulations issued by the Secretary to protect the natural and other values of such lands. [3] The APA provides for judicial review only of agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court. Because the permitting process had not resulted in a final action at the time of the Hales' suit, the district court properly dismissed the suit for want of jurisdiction. Any judicial challenge may be brought only after final agency action. The judgment of the district court had to be affirmed.

## COUNSEL

Russell C. Brooks and James S. Burling, Pacific Legal Foundation, Sacramento, California, for the plaintiffs-appellants.

Matthew J. Sanders, United States Department of Justice, Washington, D.C., for the defendant-appellee.

Robert W. Randall and Rebecca L. Bernard, Trustees for Alaska, Anchorage, Alaska, for the defendants-intervenors-appellees.

## OPINION

W. FLETCHER, Circuit Judge:

In 2002, plaintiffs-appellants (collectively "the Hales") purchased 410 acres of land near McCarthy, Alaska. Their property is completely surrounded by the Wrangell-St. Elias National Park and Preserve (the "Park"), which was created in 1980. The Hales gain access to their property over what used to be the thirteen-mile McCarthy-Green Butte Road (the "MGB road"). In 1938, the Alaska Road Commission listed the MGB road as "abandoned." All of its bridges have washed away, and the effects of vegetation and erosion have reduced it to little more than a trail.

The house on the Hales' property burned down in the spring of 2003. During the course of rebuilding, the Hales used a bulldozer to bring in supplies over the MGB road without first seeking authorization from the National Park Service ("NPS"). Shortly thereafter, the NPS posted a public notice stating that no motorized vehicles except snow machines could use the MGB road. In July 2003, the Hales contacted the NPS superintendent to request a permanent permit to traverse the MGB road with a bulldozer and a trailer. The superintendent promptly responded, offering to assist the Hales in preparing the necessary applications for a right-of-way permit. Two months later, in September 2003, the Hales submitted an "emergency" application for a temporary permit, asserting that they needed to transfer supplies before "freeze up."

The NPS responded by letter, requesting more information about the nature of the emergency and the proposed bulldozer use. The letter noted that other inholders in the Park had used bulldozers for access in the winter months when the frozen ground and snow cover protected the ground from damage. The Hales responded in writing, but did not provide all of the requested information. The NPS then informed the Hales that

an environmental assessment ("EA") would be required before the agency could grant a permit for bulldozer use. The NPS explained that it did not regard the situation as falling within the emergency exception to the requirements of the National Environmental Policy Act ("NEPA"), as set out in 40 C.F.R. § 1506.11.

In a series of contacts in September and October 2003, the NPS offered to prepare an EA and make a decision in approximately nine weeks. It also offered to waive the expense of conducting the EA. The Hales did not provide the information the NPS requested in order to conduct the EA. Instead, in November 2003, they filed this suit. They sought an injunction requiring the NPS to provide what they deemed adequate and feasible access to their property, and a declaratory judgment that the NPS was violating their right-of-way over the MGB road by requiring a permit. They also sought a declaratory judgment that issuing a permit for temporary use of the MGB road did not constitute a major federal action subject to the requirements of NEPA. The Hales moved for a Temporary Restraining Order ("TRO") and a preliminary injunction.

The district court denied the motion for the TRO and dismissed the case for lack of subject matter jurisdiction. The court held that even if the Hales had a valid right-of-way over the MGB road, their use of the road was subject to reasonable regulation by the NPS. Consequently, the Hales were required to apply for a permit regardless of any right-of-way they might possess. Since the NPS had not acted on the Hales' permit application, the district court held that it lacked jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 704, because there was no final agency action to review.

II.   Standard of Review

We review de novo dismissals for lack of subject matter jurisdiction. *Kaiser v. Blue Cross of Cal.*, 347 F.3d 1107, 1111 (9th Cir. 2003).

### III. Jurisdiction

[1] We agree with the district court that the Hales' ability to use the MGB road within the Park is subject to reasonable regulation. In *United States v. Vogler*, 859 F.2d 638 (9th Cir. 1988), we decisively rejected the argument that the NPS lacks the power to regulate travel to an inholding across federally protected land. In *Vogler*, an inholder in the Yukon-Charley Rivers National Preserve in Alaska sought to drive heavy equipment over a claimed R.S. 2477 trail without a permit. *Id.* at 640-42. Assuming, without deciding, that the trail qualified as a right-of-way, we held that the government could nevertheless regulate the inholder's use of the trail:

> Congress has made it clear that the Secretary has broad power to regulate and manage national parks. The Secretary's power to regulate within a national park to "conserve the scenery and the nature and historic objects and wildlife therein . . . ." applies with equal force to regulating an established right of way within the park. . . . [T]he regulations here are necessary to conserve the natural beauty of the Preserve; therefore, they lie within the government's power to regulate national parks.

*Id.* at 642 (quoting 16 U.S.C. § 1). Consequently, even if the Hales have a valid right-of-way over the MGB road — which we do not decide — the existence of that right-of-way would not shield them from reasonable regulation by the NPS.

[2] The Alaska National Interest Lands Conservation Act ("ANILCA") provides limited access rights for inholders in the absence of a right-of-way, but it also contemplates reasonable government regulation. Under ANILCA, inholders are entitled to "such rights as may be necessary to assure adequate and feasible access" to their land, but these rights are "subject to reasonable regulations issued by the Secretary to

protect the natural and other values of such lands." 16 U.S.C. § 3170(b).

[3] We also agree with the district court that it was without jurisdiction to reach the merits of the Hales' suit. The Administrative Procedure Act provides for judicial review only of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Because the permitting process had not resulted in a final action at the time of the Hales' suit, the district court properly dismissed the suit for want of jurisdiction. Any judicial challenge may be brought only after final agency action.

AFFIRMED.